Good morning, Your Honors. May it please the Court, my name is David Garner on behalf of the petitioner, Gageek Dulyan. In the brief time allotted, I'd like to address two issues, one on the merits and one with respect to jurisdiction and reserve three minutes for rebuttal. Let me jump in and ask you a question about jurisdiction. I want you to assume for the sake of this question that we think there is a factual issue to be decided about whether the order was or was not received at the time the government claims. What do we do with that? Is that something that should have been raised with the agency for a factual finding? Is that something that we would have to appoint a master to take factual evidence about? What procedure would be followed if we determine that there is an issue of fact? I think that the point to be taken into consideration is that this is something that the respondent has a burden to prove and certainly had ample opportunity to do so. It was raised both in a motion to dismiss the appeal on jurisdictional grounds and again in the briefing and there was nothing in the record provided that would suggest that they satisfied their burden of proof in that regard. That's completely unresponsive to my question. My question is I want you to assume that we have an issue of fact that somebody has to decide as to whether or not it was received. If there is an issue of fact that affects our jurisdiction but not the jurisdiction of the agency because it has to do with when the notice of appeal was filed or petition for review was filed, where does that fact finding take place and why? I suppose it could take place at the level of the BIA or you could appoint a special master to take that into account. Although at this stage of the game, frankly the issue is whether they satisfied their burden of creating a presumption of notice and the standards for doing so would be difficult to establish factually at this point in time because frankly I don't believe that Mr. Frater who signed the notice that went or that supposedly went to my client would be able to reconstruct that at this point in time. Can I get you back to Judge Graber's question though? That is to say if fact finding is needed, who or what entity does it? You suggested maybe the BIA could do it, maybe we could do it. Are you making that up or do you have some case law? Your Honor, the honest truth is I don't have any case law on that point. Well, it's not that I found any either, that's why I'm asking the question. It wasn't a trick question. No, it really isn't a trick question because there is a presumption that things done in the course of conducting the government's business are done regularly and that things that are stated to be mailed are mailed and the affidavit that you presented certainly to my mind, just speaking for myself, creates an issue of fact but doesn't overcome the presumption all by itself. So I'm left not sure what to do about that. Well, I think and perhaps the way to analyze at least the rebutting of the presumption is a secondary argument that was presented on appeal. It's our position that the respondent is not entitled to presumption at all because as this Court has decided in the Bousquet Evar's case, in order to get to the level of a presumption, the respondent has to prove not only that the correspondence was properly addressed but also that there was proof that it had sufficient postage and proof that it was properly delivered to the mails. And with respect to those two, the latter two elements of the presumption, there isn't any evidence, there hasn't even been any showing or even any suggestion that those have been complied with in this case. You're saying there's no presumption in the first place. That's exactly right, Your Honor. And that's critical. Let me just stop you there because in 99.9% of all the cases we see, there's no challenge made to the mailing because the person got it and they've petitioned timely and we're all here. But I suppose theoretically that's true in every case, that there's no, I mean how do we ever know that it was mailed? Well, I suppose that's something that the BIA could certainly remedy. I mean, for example, there's no certificate of service on the bottom of the letter. It certainly would be an easy process for the BIA to make a copy of the letter with sufficient postage indicated on the envelope. And even though that may not be contested in 99% of the cases, it's certainly an issue in this particular case and that's all it would take to establish the presumption. Now, I'm afraid I'm putting my, I'm getting into the soup in terms of actually talking about the facts rather than who the fact finder ought to be. That's a prior question and a difficult one for me. But you said as the first one, the government's complied, that is to say it sends to proper address. How do we know that? That is to say, when you send a letter to him two years later, it comes back, sounds like he's not at that address. So two years before, how do we know that that's addressed? It's his responsibility to make sure that the government has the proper address and maybe they sent it to that address, but it wasn't the proper address. So you're conceding that the government sent it to the proper address as a concession in your advantage. I guess, I guess that's true in a roundabout sort of way. Although, and this was an argument the respondents made in their answering brief, and I think the answer to that is there's nothing in the record to suggest that the petitioner has moved. He's never made that. Except the affidavit that you submitted. Well, two years later, he's not, that's not a proper address. Well, no, at the time that the thing was sent out in 2002, I don't know. And perhaps, perhaps my declaration was misperceived, but the petitioner is, in fact, at that same address. And I guess the only other thing I can say is my own avowal to the court that that is the address that I've used in this appeal to send correspondence to. You're saying that sometimes mail doesn't get sent, doesn't get delivered to his proper address, I guess was your point, even though it's the proper address. What the correspondence from this court that was returned is intended to help establish is that in the event that the court determines that a presumption does apply, which we argue it should not, that is concrete, a concrete example to rebut the presumption. This is exactly what my client alleges occurred with respect to the BIA decision. But how can we, here's where I'm stuck, and it may just be me, but if we have no jurisdiction to consider the agency's order, your client has been found not credible. Unless and until that finding is overturned, he's not believable. So we're faced with his affidavit, which if we believe it, it gives us jurisdiction. Do you understand my problem? How can we take it as a completely resolved question to rely on his affidavit when a previous fact finder has found that his testimony under oath was not believable? Do you understand my problem? I'm not articulating it very well, but it seems like a real sort of circular problem to me. Let me see if I can address it. I think the way that this should properly be analyzed is first to recognize that it's the respondent's burden of proof to establish that notice wasn't in fact sent. And that in the absence of being able to tell one way or another, then the question should be determined on who has the burden of proof. In this case, the respondent has the burden of proof and clearly has not presented the evidence to satisfy that burden of proof. And in the absence of any controversial evidence, then I believe that my client's appeal should be considered constructively timely filed. Maybe your answer is, although Judge Graber has put her finger on a conundrum, maybe your answer is we always have jurisdiction to determine jurisdiction. And if part of that determination is determining credibility, we might have to look into the underlying credibility determination in this case. This is outside the record, but are you telling me that, in fact, he does live at that address? Yes, Your Honor, I am. Okay. I notice that I'm running out of time. I'd like to reserve some for rebuttal. If that would be all right. Thank you. He took up a lot of your time with questions, so we'll give you some leeway on rebuttal. We'll hear from the government. May it please the Court, Joan Smiley from the Department of Justice, here on behalf of the Attorney General. The key argument presented to the Court is, of course, that the 30-day requirement for filing a petition for review is mandatory and jurisdictional. The narrow exceptions that Petitioner has cited and discussed simply do not apply in this case. Mail that is properly addressed, placed in the postal system, is presumed to have been delivered. How do we know it's placed in the postal system without a certificate of service on the letter? Well, the presumption of regularity supports the notion that official acts taken by public officials is the presumption of regularity here. And on page one of the record, we see the cover page, which indicates the transmittal letter with the decision being sent to Petitioner at his address of record that he provided to the Board, including his apartment number. He claims that he thought his representative, Mr. Martinez, was being advised of all proceedings, but that's really undermined by the evidence in the record, as we pointed out in our brief. Here the Petitioner signed the notice of appeal himself with his name and address, the only ones on the notice. The receipt for the appeal notice was sent to him at his address of record. The briefing schedule was sent to him at his address of record. The INS brief sent to him at the same address. Notice in June of 2002 was sent to him regarding action on an extension of time to file his brief. He filed his brief, signing it as pro se. Counsel, I'm going to interrupt you to get you focused on my question to opposing counsel and find out what your answer is. Assuming that we find there is an issue of fact, in other words, assuming that we agree with you that you have made the prima facie showing of regularity and that it was sent, even things that are sent don't always arrive. That's happened probably to most of us, where we've sent something and it's never gotten there or it gets there six months late. Assuming that we take his affidavit to create an issue of fact as to actually having received it, how do we resolve that issue of fact? Well, in this case, of course, Petitioner did not file a motion to reopen or reconsider with the board. In response to the question earlier to Petitioner, in I believe all of the cases cited in Petitioner's brief, a motion for reconsideration was filed with the board. Except that it has nothing to do, as those cases did, with whether something was filed in time with the BIA. It has to do with whether something was filed in time here with this court. So the facts have to do with us getting it in time, not with the agency getting it in time. Does that make any difference? Well, but it goes to the issue of are there unique or rare circumstances at issue that would justify bypassing the jurisdictional requirement? And in all of those cases, it was a very narrow exception that was crafted. In Hernandez-Rivera, there was the court found official misleading by the immigration judge who had granted an extension, and then it was taken away by the board. If he truly didn't get the letter, and so he never found out what the board's decision was, how can it be, how can he be said to have waived his right to appeal? I mean, and that's what he's saying. So it seems to me there's inherently a factual question. The question is just what do we do with it? Well, it would have been incumbent upon Petitioner to go back to the board as the petitioner would have gone back to the board. I disagree with the Fifth Circuit's decision, and I don't know how to pronounce it, in the O. Edrago case, 1989, it's 864 F. Second 376. I think both sides have cited that case. I wouldn't disagree with it. But what they did was, there's no motion to reopen in front of the board, the Fifth Circuit, and I wish they'd told me how they did their fact-finding, but the Fifth Circuit did not. Okay, so Dry-do. Yeah, right. Whatever. Excuse me for the mispronunciation. We're all on track. There, the record had no letter of transmittal with the board's decision. But that's a factual question. I mean, that's how they knew, that's how they were sure about it. But they determined on their own bat, on their own hook, by their own fact-finding procedures, that it had not been received. And then they said, okay, well, it's constructively filed timely. Well, there was no presumption of regularity because there was no indication that the letter had been sent or no indication when it was mailed. Here, on the contrary, we have a letter. Now, let me make sure, and I think this is a version of Judge Fogel's question. Are you arguing that if it was sent to the proper address, put in the mail and with a stamp on it, it simply does not matter that he never received it? We argue that the presumption of regularity attaches. Maybe your answer is that it does matter and that all you get out of it is a presumption. Well, there's a presumption with no evidence to the contrary. Well, there is evidence to the contrary. He says he didn't get it. And we may or may not believe that, but he says he didn't get it. Are you saying that if he, if by whatever mechanism we can be sure, and I'm trying to make this sort of clean rather than getting into burdens of proof and so on, if we can be sure, number one, that the government put it in the mail properly addressed, properly with proper postage, but we can also be sure he never got it, in that event, is he entitled to destructive timeliness? We can assume that mail that's properly addressed and placed... You're about to evade my question. I'm assuming... We are sure, in my hypothetical, that he did not get it, even though it was properly addressed, properly stamped... The letter carrier got ambushed on the street and the mail never reached its destination. Well, we know from the Postal Service that it was lost in the flood in New Orleans. Right. There is a presumption that it was delivered. And, of course, here... Counsel, that's not answering the question. It's really, it would be helpful if you would actually answer it, because I think we're all struggling with the same thing, which is, what happens when it's properly sent, but isn't received? Through no fault of either party. That's why I gave the example I gave about the hurricane, because that's nobody's fault. It was sent properly, but they never got it. What happens? Well, again, in the cases that have been cited, they deal, of course, with the board. The narrow exception to the jurisdictional requirement exists only when there's either official misleading or the letter was sent to the wrong address, sent to the wrong zip code. So your answer is they're out of luck. I mean, that's the government's position, is that they're out of luck. Well, of course, if they have a case pending, they're also free to check to see what the status of that case is. Here, the petitioner had received various notices from the board, as I've indicated, knew the status of the case. He was free to check with the board to see what the status... Yes, he could have done that. And, in fact, that's what was done in many of these cases. But the Fifth Circuit didn't follow that procedure. We would have to take a different position than the Fifth Circuit would, because they didn't require the petitioner to go back to the board.   In the cases that we've cited from the Ninth Circuit, the petitioner did file a motion to reconsider. We believe that would have been the proper procedure to follow in this case. But Judge Graber's question to you in response to that assertion is, but reconsider what? I mean, he's not asking them to reconsider. All he wants to do is petition for review. Well, to reconsider the issue of whether the board should reissue its decision because he claims... That's not a reconsider. That's now a new question, because he didn't get notice. Well, he could move to reopen or reconsider, I believe, is the proper procedure here. Reconsider would go to an error of fact. I'll ask you the same question, and it's not disrespectful to him and it's not disrespectful to you. Are you making that up? Making what up? That is to say that the proper procedure when he claims he didn't get it is to go back to the board and ask them to redo it and say reopen in order that I can get a timely petition for review. No, I'm not making that up, Your Honor. Where is it in the regulation that that's a ground for reopening, or where is it in board decisions that says that's the proper procedure? Well, in the 8 CFR 1003.2, the general regulation pertaining to reopening and reconsideration, it explains that an alien at any time may seek to reopen or reconsider an earlier proceeding if there's, for instance, new facts that have arisen since the hearing that were not available at the time or an error of fact or law. Do you have any board decision that deals with this? Well, the decisions that we cited in our brief, for instance, the O versus Gonzalez, OH versus Gonzalez, the alien did move for reconsideration. I was on that panel. Yes, I'm aware of that, Your Honor. And the question really had to do with whether it was timely to reconsider, as I recall, and some question about whether it was put in the mailbox. Well, it dealt with deliveries made by Airborne Express that was supposed to be overnight and instead was 19 days later. In the Sun case that Petitioner submitted by 20HA, the Second Circuit case, again, the Petitioner filed a motion to reconsider. Okay. I've got the position. Thank you. Okay. We would submit that the requirement is mandatory and jurisdictional and that the very narrow and unique circumstances that other courts on this Court have found to excuse that requirement simply are not found in this case. The government would ask that the board's decision, therefore, be affirmed. Thank you. Thank you very much for your argument. Mr. Garner, you have some rebuttal time remaining. Thank you, Your Honors. Admitting that the unique circumstances exception is narrow, it certainly applies in this case. The Respondent has tried to suggest that it only is applicable when there is official misleading, but the cases are to the contrary, especially the Odriago case, which has been adopted by this Court by virtue of the Martinez-Serrano case. And going back to how do you actually go about deciding this case, again, I think the Fifth Circuit decision is instructive and it goes back to the burden of proof and the conclusion there was, in quoting from the decision, because the INS cannot establish when it mailed the board's decision, we declined to dismiss the appeal. And there's been no effort on their part to establish anything, and certainly the jurisdictional issues are proper for consideration before this Court. But they have presented no evidence that would suggest that they satisfied their requirements under the Bousquet-Ivar's case. In fact, their briefing did not even cite that case or attempt to distinguish it in any way, shape, or form. The standards for mailings in Rosenthal v. Walker were, in fact, clarified by Bousquet-Ivar's. And that is something that the Court needs to take into account. And really it comes down to a burden of proof issue on jurisdiction and the absence of the party with that burden presenting anything to satisfy that burden. And I think the only conclusion is that the appeal must stand. I'm running out of time if there are further questions. You're in the minus category now, but do we have any? I had a question about the merits. I'd like to address the merits. I hope at some point we will, but jurisdiction is sort of fundamental. Absolutely. The discrepancy between the 1992 and 1993 dates, which the IJ made so much of, I don't know how to frame this question, but isn't that a fairly significant distinction or discrepancy is two very, very memorable events. One is the death of his father, and the other is being taken away and beaten by the authorities. And I'm having a hard time accepting how that discrepancy could just be a result of nervousness, particularly since the application is inconsistent with the hearing testimony. I think it's not only an issue of nervousness. It's also an issue of the fact that my client doesn't speak English, was working through a translator. And also I think on the legal issue that's before the court, it's instructive to look at this court's decision in April of this year discussing where issues of date discrepancies come into play. And this court determined that that was a flawed approach to credibility and termination and is an extremely poor test of how truthful a witness's substantive account is. It depends, though. I mean, I mean, I sure I mean, the difference between September 10th and September 9th. I mean, that's not going to you shouldn't decide whether somebody gets asylum or not. But these are two very critical dates. And there's there's a direct contradiction in the in the year. And not only that, but the distance between the two events. In other words, he's emphatic in the hearing that they occurred very soon after one after the other. And yet the dates don't add up. If you if you look at what's in the application and what the witnesses said. So it doesn't seem to me that's a mere discrepancy in dates. It's substantive. And I just I'm wondering how you how you respond to that. The response is going back to the same case that's the site's scientific research, supporting that victims of physical abuse often confuse the details of particular incidents, including the time or dates of particular sets. And this is a case where he's not just the dates. Let's assume that there were no numbers involved at all. But isn't it significant if someone says, essentially, it was just a terrible week. First, my dad died and then I was dragged away and beaten. And it all happened in the same week is a really different thing than saying, oh, never mind. I guess my dad died a whole year ahead of time. It isn't because there's a number attached to it in this case, which was the case that you're citing had to do with really numerical memory. This isn't a numerical memory. This is a trauma memory. Did these traumas happen in the same week or did they happen a year apart? Somebody ought to know that. Or at least the agency, it seems to me, could fairly ask somebody to know that. Well, again, I would I would ask the court to review, again, the seeing decision because the scientific evidence referenced there indicates that this is this is a person who was beaten, arrested on multiple occasions at least three times and experienced a number of traumatic incidents. And the scientific research that was relied on in that case suggested it would be unusual for them to confuse those. Now, the date doesn't actually matter. Sometimes the date matters a lot. In fact, it was the case we heard earlier. It matters a lot whether the person or the two people came in in 1989 because they need a 10 year qualifying period here. Whether it happened in 92 or 93 doesn't make any difference to any legal determination. The only thing we need to figure out is whether or not there was sufficient evidence in front of the IJ to compel the IJ to believe. And what the IJ is saying is, well, if you can't keep your date straight on that, I think you're lying about it. Not that either date matter. I mean, you could have chosen either date so long as you stuck with one was fine with me. But now you're going back and forth between the two. I think you're a liar. That's the problem, right? I think that's right. And it's critical also to to recognize that literally everything else in the record, besides the credibility of determination, supports and confirms my client's eligibility for the relief requested. And that was not only his testimony. There was the documented independent documented evidence regarding the murders of both his mother and father. What do we have, if anything, that will help us figure out whether someone who's been subjected to that kind of trauma, the violent death of his mother, the violent, the subsequent violent death of his father, both of them stabbed to death for sort of so-called ethnic reasons. The story is true. His own beating and the destruction of his shop. What do we know about how well or how badly trauma victims remember things like it happened in the same week? It didn't happen in the same way in terms of what's actually in the record. There isn't there isn't any testimony in that regard. And again, I think the best source would be the the evidence relied upon in the scene case in that regard. But I also think it's important to take into account that that even even all of the documentary evidence that was submitted suggests that, look, there were only there were only a few hundred people in my client's position in the entire country at the time at issue. And there is also clearly established that people of that variety were subjected to severe persecution. It doesn't take much of a logical leap to conclude that my client was one of those people. And nothing in the IJ's determination contests the substance of any of the events. It just gets caught up with the dates. And I think all of those things make it impossible for the court to say that the substantial evidence looking at the record as a whole, does this court required to do supports the adverse credibility determination? Thank you. Thank you. We appreciate your arguments. And the case just argued is submitted.
judges: Graber, W. Fletcher, Fogel